IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-153-BO

| | |
|---|---|
| GEORGE D. HALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | **O R D E R** |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 21, 2015, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on February 1, 2011, alleging disability since October 29, 2009. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's status post right shoulder injury with superior labral anterior tear (SLAP) lesion grade II, partial biceps tendon rupture, partial anterior ligament rupture, impingement syndrome, partial thickness rotator cuff tendon tear, hypothyroidism, and depression were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. The ALJ then concluded that plaintiff could perform less than the full range of light work with exertional and non-exertional limitations. The ALJ found that plaintiff could not perform his past relevant work, but that, considering plaintiff's age, education, work experience, and RFC,

3

there were jobs that existed in significant numbers in the national economy that plaintiff could perform. The ALJ thus determined that plaintiff was not disabled as of the date of his decision.

The ALJ afforded the work restrictions provided by plaintiff's treating physician, Dr. Bush, significant weight. Dr. Bush provided a detailed statement in August 2010 outlining permanent work restrictions for plaintiff. Tr. 206. These restrictions included an overall twenty-pound lifting limit with frequent carrying of objects up to ten pounds. Specific upper extremity restrictions included no lifting of more than five pounds with the right hand, no pushing or pulling of more than ten pounds with the right hand, no gripping or twisting with the right hand, and no reaching overhead with the right hand. While the ALJ's RFC reflected light work, which is defined as lifting no more than twenty pounds and frequent lifting of up to ten pounds, SSR 83-10, the additional exertional limitations included by the ALJ did not reflect any of the additional restrictions recommended by Dr. Bush. Tr. 20. Nor did the ALJ explain why, though he gave Dr. Bush's work restrictions significant weight, he did not include any of the restrictions regarding plaintiff's use of his right hand in plaintiff's RFC. Remand is required when the ALJ fails to explain his reasoning, precluding the district court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (quoting *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Given the significance of the right-hand limitations imposed, the ALJ's failure to discuss his treatment of these restrictions was not harmless.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 14] is GRANTED and defendant's motion for judgment on the pleadings [DE 19] is DENIED. The

4

decision of the ALJ is REMANDED to the Acting Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this ___8___ day of June, 2015.

                                            TERRENCE W. BOYLE
                                            UNITED STATES DISTRICT JUDGE